# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| DOUGLAS A. DYER, | ) |
| *Petitioner*, | ) Case No. 1:21-cv-104 |
| | ) |
| v. | ) Judge Travis R. McDonough |
| | ) |
| MICHELLE FULGAM, | ) Magistrate Judge Susan K. Lee |
| *Respondent*. | ) |

## MEMORANDUM OPINION

Petitioner Douglas A. Dyer, an inmate in the custody of the Bureau of Prisons ("BOP") currently designated to home confinement, is proceeding *pro se* in a federal habeas action filed pursuant to 28 U.S.C. § 2241 (Doc. 1).

## I. BACKGROUND & PROCEDURAL HISTORY

On September 29, 2017, this Court sentenced Petitioner to sixty months of imprisonment and three years of supervised release for crimes involving conspiracy to commit mail and wire fraud, tax evasion, and criminal contempt (Doc. 10-1). Petitioner is expected to complete that sentence on March 4, 2022 (Doc. 10-2, at 6–8). Petitioner was designated to home confinement on June 30, 2020 (*Id*. at 10).

On May 14, 2021, Petitioner filed the instant petition claiming that the earned-time credits he has accrued under the First Step Act ("FSA") entitle him to supervised release as of

July 19, 2021 (Doc. 1; Doc. 7, at 2; Doc. 11, at 6; Doc. 13, at 3).[1] Thereafter, Respondent moved to dismiss the petition for Petitioner's failure to exhaust his administrative remedies, or alternatively, for summary judgment because Petitioner is not currently entitled to the relief sought (Doc. 11). Petitioner has filed responses opposing the motion (Docs. 11; 13).

**II.     DISCUSSION**

Federal courts are permitted to grant a writ of habeas corpus under § 2241 upon a determination that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). While § 2241 contains no statutory exhaustion requirement, it is well settled that federal inmates must exhaust all administrative remedies prior to filing a § 2241 petition. *See, e.g., Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981); *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006); *Campbell v. Barron*, 87 F. App'x 577, 577 (6th Cir. 2004). This requirement is one of proper exhaustion, which requires the inmate to exhaust his remedies prior to filing suit in compliance with the procedural rules established by the prison grievance system. *Woodford v. Ngo*, 548 U.S. 81, 92–94 (2006) (addressing exhaustion requirement imposed by Prison Litigation Reform Act).

The BOP has a four-part administrative-remedy procedure. *See* 28 C.F.R. § 542.10, *et seq*. Under this tiered process, a federal prisoner is required to first seek informal resolution of any issue with staff. 28 C.F.R. § 542.13. If this proves unsuccessful, a prisoner may file an Administrative Remedy Request Form (BP-9) with the facility warden within twenty days of the incident forming the basis of the request. 28 C.F.R. § 542.14. The warden must then respond to any non-emergency requests within twenty days of receipt. 28 C.F.R. §542.18. If the prisoner is

---

[1] Under the FSA, time credits may be earned by eligible prisoners who successfully complete certain "evidence-based recidivism reduction programs" ("EBRR programs") or "productive activities." 18 U.S.C. § 3632(d)(4).

not satisfied with the warden's response, he may, within twenty days of the date the warden signed the response, use a BP-10 form to appeal to the BOP regional director. 28 C.F.R. § 542.15. The regional director must respond to the request within thirty days. 28 C.F.R. § 542.18. If the prisoner is dissatisfied with the regional director's response, he may use a BP-11 form to submit an appeal to BOP's general counsel within thirty days of the date the regional director signed the response. 28 C.F.R. § 542.15. General counsel then has forty days to respond. 28 C.F.R. § 542.18. This appeal is the final level of administrative review. 28 C.F.R. § 542.15. An inmate has exhausted his administrative remedies only when he has filed a complaint at all levels. *Id*.

Petitioner argues (1) that he is exempt from the exhaustion requirement because his case involves a dispute of statutory construction, *see, e.g., Coleman v. U.S. Parole Comm'n*, 644 F. App'x 159, 162 (3d Cir. 2016) (holding "exhaustion is not required with regard to claims which turn only on statutory construction") (*citing Harris v. Martin*, 792 F.2d 52, 54 n.2 (3d Cir. 1986)); and (2) he has otherwise exhausted all available remedies, as he has sent his requests to the case manager at the Chattanooga Halfway House, the supervisory manager of the Chattanooga Halfway House, BOP's sentence computation center, the regional BOP office, and BOP's general counsel (Doc. 1, at 18–19).

As a preliminary matter, the Court notes that there is uncertainty as to which earned-time credits Petitioner is or will be entitled to, and, therefore, the issues presented by Petitioner are not ones of purely statutory interpretation that would exempt Petitioner from the exhaustion requirement. The BOP, not this Court, should calculate those credits in the first instance. *See United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir. 1996) (holding the issue of sentencing credit "is not ripe for review until the Bureau of Prisons has ruled on a defendant's request for

3

credit"); *see also United States v. Wilson*, 503 U.S. 329, 332-33 (1992) (holding that it is the BOP's obligation, not the court's, to compute and apply sentencing credits).

Additionally, the documents attached to the instant petition demonstrate that Petitioner attempted to pursue his administrative remedies simultaneously from the regional director and the BOP's central office on May 3, 2021 (Doc. 1, at 32–35).[2] Accordingly, Petitioner's own filings demonstrate that he failed to follow the tiered grievance process, and, even absent that failure, he filed the instant petition on May 14, 2021, well before any applicable deadline response had expired. *See* 28 C.F.R. § 542.18. Therefore, by Petitioner's admissions, he filed the instant petition prior to fully exhausting his available remedies in compliance with BOP's process. This action will be dismissed without prejudice to Petitioner's ability to file a new action if he properly completes BOP's administrative process and is dissatisfied with its outcome.

## III.     CONCLUSION

For the reasons set forth above, Petitioner's petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**. Respondent's motion to dismiss (Doc. 10) will be **DENIED** as moot.

---

[2] Respondent attached a Declaration and exhibits in support of the motion to dismiss, but as Petitioner correctly notes, the "Declaration" filed twice by Respondent contains obvious mistakes as to the identity of Petitioner and his location of confinement (Doc. 13). Respondent failed to timely correct the errors even after Petitioner pointed them out (*see, e.g.*, Docs. 11; 13). The Court is unwilling to find these submissions competent evidence, and the instant decision is based solely upon the applicable law and Petitioner's own filings. *See* Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)) (requiring court to dismiss petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief").

Further, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith, and therefore, Petitioner will be **DENIED** leave to proceed *in forma pauperis* should he file any subsequent appeal of this decision. *See* Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/*Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**
